United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GILBERTO SILVA,

        Petitioner,

  vs.

GEORGE NEOTTI, Warden,

        Respondent.
                                 /

No. C 09-5656 PJH (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner, a California prisoner currently incarcerated at the Richard J. Donovan Correctional Center in San Diergo, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

A jury convicted petitioner of second degree robbery. With enhancements, he was sentenced to prison for nineteen years. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review.

**DISCUSSION**

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

1  application for a federal writ of habeas corpus filed by a prisoner who is in state custody
2  pursuant to a judgment of a state court must "specify all the grounds for relief which are
3  available to the petitioner ... and shall set forth in summary form the facts supporting each
4  of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.
5  foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts
6  that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes
7  (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which
8  appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon*
9  *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,
10 concurring).

**B.  Legal Claims**

The petition was prepared by an attorney acting pro bono.  In the "Grounds for Relief" section of the form petition, counsel has written "See attachment:'Claim One Facts and Argument,'" but the attachment has been omitted.  The petition thus does not contain facts that point to a "real possibility of constitutional error."  *Aubut*, 431 F.2d at 689.  It will be dismissed with leave to amend.

### CONCLUSION

The petition is **DISMISSED** with leave to amend.  Because the amended petition completely replaces the original petition, petitioner should file the entire form for section 2254 petitions as well as any attachment he wishes the court to consider.  If an amended petition is not filed within thirty days for the date this order is entered, the case will be dismissed without further leave to amend.

**IT IS SO ORDERED.**

Dated:  February 12, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\SILVA5656.DWLTA.wpd

2