UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GILBERTO SILVA,

    Petitioner,

vs.

GEORGE NEOTTI, Warden,

    Respondent.

No. C 09-5656 PJH (PR)

**ORDER TO SHOW CAUSE**

    This is a habeas case filed pro se by a state prisoner. The petition was prepared by an attorney acting pro bono. In the "Grounds for Relief" section of the original form petition, counsel wrote: "See attachment: 'Claim One Facts and Argument.'" There was, however, no attachment. The petition was dismissed with leave to amend to provide the attachment. Petitioner then refiled the same petition, now with the word "amended" handwritten in the caption, but still did not provide the attachment. The court again dismissed with leave to amend. Petitioner now has provided the attachment.

**BACKGROUND**

    A jury convicted petitioner of second degree robbery. With enhancements, he was sentenced to prison for nineteen years. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review.

**DISCUSSION**

**A.    Standard of Review**

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that his trial counsel was ineffective in failing to challenge allegations that petitioner had suffered out-of-state prior convictions, and in counseling plaintiff to admit them, when the out-of-state priors did not meet California's standards for a "strike." This claim is sufficient to require a response.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

///

2

1   If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
2 the court and serving it on respondent within thirty days of his receipt of the answer.
3   3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
4 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
5 Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court
6 and serve on respondent an opposition or statement of non-opposition within thirty days of
7 receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
8 within fifteen days of receipt of any opposition.
9   4. Petitioner is reminded that all communications with the court must be served on
10 respondent by mailing a true copy of the document to respondent's counsel. Petitioner
11 must keep the court informed of any change of address and must comply with the court's
12 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
13 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v.*
14 *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

15  **IT IS SO ORDERED.**
16 Dated: April 19, 2011.
17                                               PHYLLIS J. HAMILTON
                                                 United States District Judge

28 P:\PRO-SE\PJH\HC.09\SILVA5656.OSC.wpd

3